## DAVID H. COWAN *v.* KATE S. COWAN.

**Husband and·Wife—Mistake in Conveyance of Wife's Real Estate.**
> Where in the settlement of an estate real estate belonging to the wife and allotted to her was without her knowledge or consent conveyed by the trustee to herself and husband, and the wife ascertains this fact only after several years and after her separation from her husband, a court of equity at the suit of the wife will reform the deed and deprive the husband of all interest in the property.

**Divorce—Residence of Wife.**
> As a general rule the domicile of the husband is the domicile of the wife; but when the husband so mistreats the wife that she is entitled to be divorced from him, she has the right to abandon him and find a domicile of her own, and she may secure a divorce in the court having jurisdiction where her new residence is established.

### APPEAL FROM DAVIESS CIRCUIT COURT.

#### January 30, 1878.

OPINION BY JUDGE PRYOR:

It is evident from the proof in this case that the appellee, at the time the conveyance was made to herself and husband by her two brothers, was in ignorance as to the character and effect of the deed, and never discovered the manner of its execution until it became

necessary for her or her attorney to investigate the title. The necessity for an inquiry as to the title originated from the domestic troubles between herself and husband, as until that time she had the right to confide in her husband, and also to believe that she was in fact the real owner of the property. It was her land, and her husband had no interest in it except such as existed by reason of the marital relation, and there was no reason assigned by her two brothers or her husband for executing a joint conveyance, and certainly no law authorizing such a disposition of the appellee's estate.

There is nothing in this record showing that she had authorized either of the parties to make such a conveyance, or that she was apprised of the fact, until after the separation, that such a conveyance had been made, and if her knowledge of the mere existence of the deed had been proven we can not well see how one laboring under the disability of coverture could, in a controversy with the husband, be defeated in the attempt to recover her property that the husband had obtained without right by his interposing the plea of the statute of limitations. The statute in such a case could not run against the wife, and the fact that the brothers were acting for her and made the deed divesting her of one-half of her estate can not be held to imply any consent on her part or to vest them with the power to execute any such conveyance. The deed recites the fact that the land was allotted to the appellee, and the writing of the husband as a grantee, as between himself and wife, gave him no greater interest than he would have had if his name had been omitted.

While the brothers might be estopped to claim the land as the heirs or next of kin to the appellee for the reason that they executed the deed, the appellee is not estopped or divested of title, because she conferred upon them no power to make it. It was no doubt thought that the name of the husband must be used in order to secure the title to the wife, but whatever may have been the object in view they had no right to convey the wife's land without her consent.

The petition alleges a mistake in the execution of the deed and the absence of knowledge on the part of the appellee as to its contents, and conceded the petition to be defective by reason of the alternative allegation that it was executed by mistake or negligence, yet it is cured by the answer that places directly in issue the fact that it was executed by mistake. That the husband may sue the wife, or the wife the husband, cannot be questioned. The Code expressly authorizes it, and we see nothing in this suggestion of

counsel. The court below, upon the evidence offered, acted properly in reforming the deed and vesting the appellee with title. It is maintained, however, by counsel, that the judgment is nevertheless erroneous, as it proceeds to deprive the husband of all interest in the property by reason of the divorce obtained by the appellee in the state of Michigan. This judgment of divorce is attacked for the want of jurisdiction on the part of the Michigan court to render it; and if, as is insisted by counsel for appellants, it was necessary to allege that the court had jurisdiction when the divorce is merely incidental to the religious act, this defect is cured also by the allegation in the answer that the court had no jurisdiction.

The record of a court in Michigan having jurisdiction to render judgments of divorce is made part of this record, and from that record it appears that the wife had been domiciled and a resident of Michigan for more than a year prior to the rendition of the judgment. The causes for the divorce, if proven, could have authorized such judgment in this state, and the presumption is that it was cause of divorce in the state where it was granted, whether the cause of divorce originated in this state or in the state of Michigan. The authenticity of the Michigan cause is not controverted by the answer, and the jurisdiction of the court rendering it is assailed alone for the reason that the wife (appellee) left the residence of her husband in Kentucky, and went to the state of Michigan for the purpose of obtaining the divorce and without any intention of making it her home, and so it was not her domicile and residence when the judgment was rendered. If such are the facts, we must concur with counsel in the conclusion that the judgment of divorce is void.

The recognized doctrine of nearly all of the American courts is that a foreign judgment is prima facie evidence, and may be impeached for fraud, or disregarded when it appears the court had no jurisdiction over the subject matter and the parties interested. Where the jurisdiction is conceded and no fraud alleged or shown, the judgment should be held conclusive between the parties. Such seems to be the general rule on the subject. Story on Conflict of Laws, 508. In the case before us the wife left the home of the husband for alleged causes that, if established, justified her action and entitled her to the relief given by the judgment of the Michigan court.

It has been determined by a court of competent jurisdiction that the facts relied on by the appellee in her petition for divorce had been

established, and the only question that has been or can be made to the jurisdiction of the court is that the wife, at the time she obtained the divorce, was not domiciled in the state of Michigan. The general rule is that the domicile and residence of the husband is the domicile and residence of the wife; but when the husband so mistreats the wife as to entitle her to have the marriage relation dissolved, she has the right to abandon him and find a domicile of her own. These facts she must establish in order to proceed against her husband for the purpose of annulling the marriage contract. It appears from the record in this case that she lived in the state of Michigan certainly more than one year prior to the judgment, and soon after left for Europe, where she remained for several years, and then returned to Kentucky. The judgment proceeds upon the idea that she was a citizen in good faith, and there is no proof in the record authorizing the court to say that the state of Kentucky, where the husband lived and where the parties were married, was the real domicile of the wife, and that she went to Michigan for no other purpose than to obtain the divorce in fraud of the law of this state. The record of the divorce case refutes this idea and did not authorize the presumption of any fraudulent intention on the part of the appellee. Being domiciled in Michigan, with the right to create a domicile of her own, the courts of that state had jurisdiction of the subject matter, that is, the status and person of the wife, and had complete jurisdiction to redress her wrongs by giving the relief asked. Bishop on Marriage and Divorce, p. 736.

This view of the question presented is not in conflict with the case of *Maguire v. Maguire,* 7 Dana 181. The doctrine there announced in discussing the principal question is, that where one leaves his domicile for the purpose of obtaining a divorce, and immediately upon reaching the jurisdiction sought institutes proceedings for that purpose, a divorce under such circumstances could be held invalid by the courts of the real domicile of the party. Such is the general comment of authority on this point, and the question arising in such cases is: Did the court granting the divorce rightfully assume jurisdiction? This must depend upon the facts of the particular case, and where there is nothing but the record regarding the judgment, and the jurisdiction is admitted to render the judgment in the court, the fact that the party was domiciled within the state or county appearing in the record showing that the party was so domiciled, in the absence of any proof to the contrary, must be held conclusive between the parties. This court cannot say that the appellee was

only temporarily residing within the state of Michigan, but must assume that the record speaks the truth, and that she had an actual bona fide domicile within that state, and being a bona fide citizen the remedy for proceeding in such a case by the courts of that state must be regarded as binding, and the citations by publication or waiving order must be deemed a sufficient summons.   Bishop on Marriage and Divorce, p. 733.

The judgment below is therefore *affirmed.*

*Riley, Jolly & Walker, for appellant.*

*W. W. Sweeny, for appellee.*